In re THE THAXTON GROUP INC. SECURITIES LITIGATION

No. 1612.

Judicial Panel on Multidistrict Litigation.

June 18, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of five actions: two actions in the District of South Carolina and one action each in the Northern District of Georgia, the Western District of North Carolina and the Southern District of Ohio. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant FINOVA Capital Corporation (FINOVA) to centralize these actions in the District of South Carolina for coordinated or consolidated pretrial proceedings. All responding parties agree that centralization is appropriate in the District of South Carolina;[1] FINOVA and one responding defendant alternatively suggest selection of the Western District of North Carolina as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of South Carolina will

1. Some parties urge centralization before Judge Cameron McGowan Currie, while others favor selection of Judge G. Ross Anderson, Jr., as transferee judge.

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of the sale of The Thaxton Group Inc.'s (Thaxton) subordinated notes. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of South Carolina is an appropriate transferee district for this litigation. We note that i) Thaxton is headquartered in South Carolina and, accordingly, witnesses and documents are likely located there; and ii) all parties agree that the District of South Carolina is an appropriate transferee forum for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of South Carolina are transferred to that district and, with the consent of that court, assigned to the Honorable G. Ross Anderson, Jr., for coordinated or consolidated pretrial proceedings with the two actions pending there.

### SCHEDULE A

*MDL–1612—In re The Thaxton Group Inc. Securities Litigation*

*Northern District of Georgia*
*Sam Jones Wood, et al. v. Finova Capital Corp., et al.,* C.A. No. 1:04–11

*Western District of North Carolina*
*Grant Hall, et al. v. Finova Capital Corp., et al.,* C.A. No. 3:04–3

*Southern District of Ohio*
*Charles Shope, et al. v. Finova Capital Corp., et al.,* C.A. No. 2:04–22

*District of South Carolina*
*Earle B. Gregory, et al. v. Finova Capital Corp., et al.,* C.A. No. 0:03–3604
*Tom Moore, et al. v. Finova Capital Corp., et al.,* C.A. No. 8:03–3724